UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 6:22-CR-71-REW-HAI |
| v. | ) | |
| | ) | ORDER |
| MICHAEL P. GREEN, | ) | |
| | ) | |
| Defendant. | | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

After conducting Rule 11 proceedings, *see* DE 29 (Minute Entry), Judge Ingram recommended that the undersigned accept Defendant Michael P. Green's guilty plea and adjudge him guilty of Count One of the Indictment, as well as the forfeiture allegation. *See* DE 1 (Indictment); DE 28 (Plea Agreement); DE 31 (Recommendation). Judge Ingram expressly informed Green of his right to object to the recommendation and secure *de novo* review from the undersigned.  *See* DE 31 at 3.  The established, three-day objection deadline has passed, and no party has objected.

The Court is not required to "review . . . a magistrate[ judge]'s factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in his objections to the magistrate[ judge]'s report and recommendation . . . he has forfeited his right to raise this issue on appeal.'") (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996) (quote brackets simplified)); *United States v. Olano*, 133 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); Fed. R. Crim. P. 59(b)(2)-(3) (limiting de novo review duty to "any objection"

1

filed); 28 U.S.C. § 636(b)(1) (limiting de novo review duty to "those portions" of the recommendation "to which objection is made").

The Court thus, with no objection from any party and on full review of the record, **ORDERS** as follows:

1. The Court **ADOPTS** DE 31, **ACCEPTS** Green's guilty plea, and **ADJUDGES** Green guilty of Count One and the forfeiture allegation of the Indictment;

2. Further, per Judge Ingram's unopposed recommendation and Defendant's agreement (DE 31 at 2 (Recommendation), DE 28 at ¶ 8 (Plea Agreement)) the Court provisionally **FINDS** that the property identified in the operative indictment (DE 1 at 2-3) is forfeitable and that Defendant has an interest in said property, and preliminarily **ADJUDGES** Defendant's interest in such property **FORFEITED**. Under Criminal Rule 32.2, and absent pre-judgment objection, "the preliminary forfeiture order becomes final as to" Defendant at sentencing. Fed. R. Crim. P. 32.2(b)(4)(A). The Court will further address forfeiture at that time. *Id*. at (b)(4)(B); and

3. The Court will use a separate sentencing order.[1]

This the 26th day of June, 2023.



Signed By:

*Robert E. Wier*

**United States District Judge**

---

[1] Judge Ingram remanded Green to custody post-plea.  *See* DE 29.  This was Green's status in advance of the hearing. *See* DE 11.  Absent a contrary order, Green will remain in custody pending sentencing.